IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Theodore P. Kerhulas, | ) | C/A No.: 3:09-cv-661-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| Wal-Mart Stores East, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

This slip-and-fall case is before the court on the plaintiff's motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a) to add factual allegations concerning the slope and texture of the surface upon which the plaintiff allegedly fell [Doc. 22]. Wal-Mart opposes the motion, stating that the amendments have come too late and will prejudice Wal-Mart because the discovery deadline has passed and trial is just three months away [Doc. 23]. Wal-Mart further objects because the allegations change the nature of the case and implicate individuals and entities that are not before the court. The plaintiff filed a reply brief stating that the amendments seek only to conform the allegations in the complaint with the proof and testimony offered by the plaintiff's expert witness [Doc. 25].

After considering the written materials submitted and the discussion with counsel by telephone conference on June 14, 2010, the court grants the motion.

A plaintiff may amend the complaint after responsive pleadings have been filed only with written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a). When presented with a motion to amend, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir.

2006). Consequently, a motion to amend should be denied in three circumstances only: when the amendment would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. *Id.* (internal quotations and citations omitted).

In the case at hand, there are no allegations that the motion to amend was filed in bad faith or that the amendment, if permitted, would be futile. Instead, Wal-Mart contends that the amendment will prejudice Wal-Mart in that Wal-Mart will have to prepare for and defend a case of an entirely different nature, and do so in a very short period of time and without the opportunity to conduct adequate discovery, given that the case is currently scheduled to go to trial in the September/October term of court, and the discovery deadline has passed. On the telephone conference with the court, however, Wal-Mart indicated that it would consent to the motion if the court gave the parties additional time to identify the individuals or entities responsible for constructing the curb or ramp upon which the plaintiff allegedly fell and to conduct further discovery. The court agrees with Wal-mart that the proposed amendments change the nature of this case and implicate different parties. The court is therefore willing to accommodate Wal-Mart's request for additional time.

Accordingly, the motion to amend the complaint [Doc. 22] is granted and the plaintiff is ordered to promptly file the amended complaint. Wal-Mart shall identify as soon as practicable the individuals or entities responsible for the construction of curb or ramp upon which the plaintiff allegedly fell. The plaintiff shall then move to join the proper parties. After the new parties have been joined and have appeared in the case, the court will issue a third amended scheduling order that will give the parties ample time to conduct discovery and to prepare the case for trial. In the meantime, the deadlines in the current second amended scheduling order [Doc. 19] are stayed.

IT IS SO ORDERED.

June 15, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge